MARYLAND CASUALTY COMPANY v TRANSAMERICA
INSURANCE CORPORATION OF AMERICA

Docket No. 136910. Submitted March 11, 1993, at Lansing. Decided May 4, 1993, at 9:10 A.M.

Maryland Casualty Company, the homeowner's insurer of Rick Powell, brought an action in the Genesee Circuit Court against Transamerica Insurance Corporation of America, the no-fault insurer of Mary Wilcox, and others, seeking a declaration regarding its liability to reimburse Transamerica for uninsured motorist benefits paid to Wilcox for injuries she sustained when struck by a registered all-terrain vehicle operated by Powell on a shoulder of a highway. The court, Philip C. Elliott, J., granted summary disposition for Transamerica and the other defendants, determining that the all-terrain vehicle was not a motor vehicle for which Maryland Casualty had excluded liability coverage under its policy. Maryland Casualty appealed.

The Court of Appeals *held*:

1. Under the terms of Maryland Casualty's homeowner's policy, liability coverage is excluded for bodily injury or property damage arising out of an insured's ownership, maintenance, operation, use, loading, or unloading of a motor vehicle that is designed for travel on public roads. The policy provides coverage where the vehicle is a golf cart, snowmobile, or any other land motor vehicle that is designed for recreational use off public roads and is not subject to motor vehicle registration. The all-terrain vehicle in this case was registered and was subject to registration when used on a highway. The term "highway" has been defined by statute to include the shoulder of a highway. The trial court erred in concluding that the all-terrain vehicle was not excluded from coverage under Maryland Casualty's policy.

2. Maryland Casualty's contention that Transamerica was not liable to Wilcox for uninsured motorist benefits and should be prevented from filing a claim against Transamerica as Wilcox's subrogee is without merit. Transamerica's policy excluded from its definition of uninsured motor vehicles those vehicles designed for use principally off public roads, except while actually upon public roads.

Reversed.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Maryland Casualty Company.

*Dilley, Dewey & Damon, P.C.* (by *Jonathan S. Damon*), for Transamerica Insurance Corporation of America.

*William R. Coppel,* for the Powells.

Before: BRENNAN, P.J., and HOOD and FITZGERALD, JJ.

PER CURIAM. This is an action for a declaration of rights as between a no-fault insurance company and a homeowner's insurance company. Plaintiff appeals as of right from the trial court's entry of summary disposition for defendants on the parties' cross motions under MCR 2.116(C)(10) and MCR 2.116(I)(2). We reverse.

The facts are undisputed. Defendant Mary Wilcox was struck by an all-terrain vehicle (ATV) driven by fourteen-year-old codefendant Rick Powell and owned by codefendants Roger and Marie Powell, his parents. Plaintiff is the Powells' homeowner's insurer. Defendant Transamerica paid benefits to Mary and Earl Wilcox under the uninsured motorist provisions of the Wilcoxes' no-fault insurance policy. When Transamerica sought benefits from plaintiff as the Wilcoxes' subrogee, plaintiff filed this action.

The homeowner's policy issued to the Powells by plaintiff, as amended in 1983, contains the following language:

EXCLUSIONS

This policy does not apply:
1. Under Coverage E—Personal Liability and Coverage F—Medical payments to others:
   (a) to bodily injury or property damage arising

out of the ownership, maintenance, operation, use, loading or unloading of:

(1) any aircraft; or

(2) any motor vehicle or motorized bicycle owned or operated by . . . any insured . . . .

\* \* \*

ADDITIONAL DEFINITIONS

\* \* \*

3. "motor vehicle": means a land motor vehicle . . . designed for travel on public roads . . . but does not include . . . any of the following: . . . recreational motor vehicle . . . or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.

\* \* \*

6. "recreational motor vehicle": means (1) a golf cart or snowmobile or,

(2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads.

We find that, although poorly drafted, the homeowner's policy unambiguously excludes ATVs from coverage. *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 181-182; 468 NW2d 498 (1991).

Normally, the ordinary, common-sense definition of the term "motor vehicle" would seem to include an ATV because it has a motor and travels on land. See *id.* at 182-185. However, unlike mopeds such as the one involved in *Stark,* an ATV is "not designed for travel on public roads" because it lacks equipment such as lights, turn signals, a windshield, a rear-view mirror, and other items that are required by law in order for a vehicle to be allowed to "travel on public roads." See MCL 257.683 *et seq.*; MSA 9.2383 *et seq.*; cf. *Stark, supra* at 186-187 (noting pervasive regulation of use of mopeds on public roads). Thus, at first

blush, the ATV would seem *not* to be an excluded motor vehicle but a recreational vehicle subject to coverage under the policy.

However, the homeowner's policy restricts the definition of covered recreational vehicles to either golf carts and snowmobiles or, "if *not* subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads." (Emphasis added.) Interpreting identical language, the *Stark* Court noted that "[t]he policy excludes coverage unless *both* [quoted] requirements are met." 437 Mich 186 (Emphasis added.) Here, as in *Stark,* it is undisputed that the ATV was in fact registered.

As in *Stark,* where the moped was being used on a path for bicyclists and pedestrians, defendants here argue that the ATV was not "subject to motor vehicle registration" because it was not being "driven or moved upon a highway" but, rather, on the shoulder of the highway. See MCL 257.216; MSA 9.1916. "Whatever the merit of such an argument under other circumstances, the hypothesis does not fit the facts presented here." *Stark, supra* at 186. Because the "shoulder" is defined by statute as a "portion of a highway," the ATV was "subject to motor vehicle registration" while it was being driven on the shoulder. MCL 257.1501(k); MSA 9.3200(1)(k); *Gregg v State Hwy Dep't,* 435 Mich 307, 313; 458 NW2d 619 (1990). Therefore, the ATV did not qualify for coverage under the homeowner's policy as a recreational vehicle.

Plaintiff next argues that defendant Transamerica may not assert a claim to benefits as a subrogee because it paid benefits as a "volunteer" where it clearly had no liability. We disagree. Transamerica's no-fault policy excludes from the definition of uninsured automobiles those vehicles "designed for use principally off public roads, *except* while actu-

ally upon public roads." (Emphasis added.) Because, as already noted, the shoulder is considered part of the highway, Transamerica had at least an arguable duty to pay uninsured motorist benefits. It was clearly not a volunteer.

Reversed.